UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 04-788M-01 (JMF) |
| v. : | |
| LATONJA D. CARRERA, : | FILED |
| Defendant. : | MAR 1 0 2005 |
| : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits this memorandum in aid of the sentencing of defendant LaTonja D. Carrera.

### I. FACTUAL BACKGROUND

On December 12, 2004, defendant pled guilty before the Court to a one-count Information charging her with aiding and abetting a misdemeanor offense of Bank Theft, in violation of 18 U.S.C. § 2113(b) and § 2.

According to the Statement of Offense in this matter, which defendant signed, Christopher B. Boyd, defendant's cousin, worked at Chevy Chase Bank for almost three years prior to his leaving on January 30, 2004. For the last year that he worked there, Mr. Boyd held the position of Customer Service Representative at the branch of Chevy Chase Bank at 17th and L Street, N.W., Washington, D.C. The deposits of Chevy Chase Bank were at all relevant times insured by the Federal Deposit Insurance Corporation.

On January 12, 2004, Mr. Boyd saw a Safeway plastic bag full of checks at a Chevy Chase Bank Branch Office in Washington, D.C. A customer had returned some checks to the

bank to be destroyed. Mr. Boyd took one check and put it in his pocket. Mr. Boyd memorized the account number while he was eating lunch and later checked the account balance. The account balance was checked by another employee of the bank, per the request of Mr. Boyd, and found to be about $3,000.00.

On January 13, 2004, Mr. Boyd saw his cousin, defendant Carrera, at their grandmother's house in Washington D.C. Mr. Boyd told defendant Carrera that he needed money to pay someone to whom he owed money. He said he had a check from the bank at which he worked that did not belong to him. Mr. Boyd told defendant Carrera that he could deposit the check in his own bank account to get the money he needed. Defendant Carrera suggested to Mr. Boyd that that would not be a good idea because he was a bank employee. Instead, defendant Carrera agreed to make the check payable to herself for $2,800, deposit it in her own bank account, and withdraw the $2,800 in cash from her account. Once defendant Carrera had obtained the $2,800 as discussed, she then went with Mr. Boyd to meet the individual to whom he owed money. Mr. Boyd then paid the $2,800 that defendant Carrera had withdrawn from her bank account to the person to whom Mr. Boyd owed the money.[1]

## II. **DEFENDANT'S CRIMINAL RECORD**

Defendant criminal record is notable, including convictions for the following offenses: (1) 1997, Larceny, Fairfax County, Virginia; (2) 1999, Theft less than $300, Montgomery County, Maryland; and (3) 2004, False Information, Baltimore County, Maryland. *See* Presentence Investigation Report ("PSR"), at pages 6-7. She also has arrests without

---

[1] Defendant's cousin, Mr. Boyd, prior to defendant pleading guilty, pled guilty to misdemeanor bank theft. He is scheduled to be sentenced by Magistrate Judge Alan Kay on March 10, 2005, in Criminal No. 04-426M-01.

conviction for the following offenses: (1) 1997, Theft less than $300, Montgomery County, Maryland; (2) 2000, Bad Check, Prince Georg's County, Maryland; and (3) 2001, Failure to Return a Rental Vehicle, Anne Arundal County, Maryland. *Id.* at page 8.

### III. UNITED STATES SENTENCING GUIDELINES

The probation officer believes, and the United States concurs, that the defendant's total offense level is 4, her criminal history is II, and her Sentencing Guidelines range is zero to six months of imprisonment. PSR, at page 12, ¶ 73. According to the PSR, the defendant presently falls within Zone A of the Sentencing Table, and she is eligible for probation. *Id.*, at page 13, ¶ 79. The government, in its plea agreement with defendant, agreed not to oppose a probationary sentence. Plea Letter, December 9, 2005, at page 3, ¶ 6. If the Court imposes a probationary sentence, the term must be no more than three years. PSR, at page 13, ¶ 79.

### IV. IMPACT OF U.S. v. BOOKER ON THE SENTENCING GUIDELINES

In <u>United States v. Booker</u>, 2005 WL 50108 (U.S. Jan. 12, 2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines, under the facts of that case, violated the Sixth Amendment principles articulated in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). In consequence, the Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). <u>Booker</u>, 2005 WL 50108, at *16. However, the Court expressly refused to invalidate the Guidelines in their entirety. To the contrary, the Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who had committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the

3

Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Id. at *24.

In this case, there are no facts involved in the calculation of defendant's sentence under the Sentencing Guidelines that were not admitted to by her in her guilty plea in this matter. That is, the offense carries a base offense level of 6, and the defendant was entitled to a two level reduction for acceptance of responsibility, as is discussed below, which results in an adjusted offense level of 4. Accordingly, there are no Sixth Amendment concerns in the calculation of defendant's sentence under those guidelines, e.g., there are no enhancements, let alone enhancements not admitted to by the defendant. Although the Supreme Court has now held that the Sentencing Guidelines are no longer mandatory, nevertheless, a reasonable sentence in this case would be as is set forth by the Sentencing Guidelines. The government requests that the Court use the Guidelines in determining the sentence of defendant in this case, that is, a sentence within the range of 0 to 6 months in Zone A.

## V. DEFENDANT'S LEVEL OF COOPERATION/ U.S. ATTORNEY'S OFFICE DEPARTURE COMMITTEE

In this matter, when the government first contacted defendant about it and invited her to come talk with the government about this offense, defendant came to the United States Attorney's Office, with her attorney, acknowledged her guilt, and she agreed to pled guilty before any formal charge had been filed. Moreover, she helped clear up the reason for which Mr. Boyd needed the money from the check that he caused the defendant to cash. Accordingly, the

government has agreed that defendant is entitled to a two level reduction in her base offense level for acceptance of responsibility.

Moreover, in the plea letter in this case, there is standard language to the effect that defendant agreed to cooperate with the government. Plea Letter, at pages 2-3, ¶ 5. The government, in return, agreed to advise the Court "of the full nature, extent, and value of the cooperation provided by [defendant] to the government." Id. at page 4, ¶ 8.

In order to determine what potential cooperation defendant might have been able to provide to the government, representatives of the government met with defendant on a couple of occasions. Based on those discussions, it is clear to the undersigned attorney for the government that there are no productive areas in which the defendant might be able to provide cooperation to the government. Accordingly, other than discussions with defendant about what information she has, or in what areas she might be able to provide assistance to the government, the government has not requested anything further from defendant.

Also pursuant to the plea letter, the government agreed to inform the Departure Committee of the United States Attorney's Office for the District of Columbia ("Departure Committee") of the full nature, extent, and value of the cooperation provided by the defendant. Id. The undersigned attorney has complied with this obligation. The Departure Committee found that the defendant did not provide substantial assistance in the investigation or prosecution of another person or entity and did not recommend a downward departure. Accordingly, the government is not moving for a departure downward in the offense level of the defendant under the Sentencing Guidelines.

## VI. **RECOMMENDATION**

Although defendant did not personally gain anything, in terms of money, from this crime involving taking money from a bank customer, her involvement in it is consistent with her prior criminal record involving convictions and arrests for theft-type crimes – larceny (conviction), theft (one conviction and one other arrest), false information (conviction), bad check (arrest), and failure to return a motor vehicle (arrest). These offenses range in time from 1997 to early 2004, and defendant is currently on probation for the last of these offenses. Clearly, there is a pattern in defendant's record of her illegally taking the property or money of others.

In this case, the government is requesting that the Court sentence defendant within the sentencing range under the Sentencing Guidelines, as set forth above, in the PSR, and in the plea agreement. As to the appropriate sentence within that range, the government defers to the Court.

## VII. **CONCLUSION**

WHEREFORE, the government respectfully requests that the Court impose a sentence within the applicable guidelines's range, as specified in the plea agreement.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 451058

*Daniel P. Butler*

DANIEL P. BUTLER
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar No. 417718
555 Fourth Street, N.W., Room 5231
Washington, D.C. 20530
(202) 353-9431
Daniel.Butler@USDOJ.Gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Government's Sentencing Memorandum has been served by U.S. Mail upon counsel for the defendant, G. Allen Dale, Esq., 601 Pennsylvania Avenue, N.W., Suite 900, South Building, Washington, D.C. 20004, on this 9th day of March, 2005.

DANIEL P. BUTLER
ASSISTANT UNITED STATES ATTORNEY